HUGH THOMPSON, Respondent, *against* LAWRENCE FINN, Appellant.

(Decided December 6th, 1880.)

In an action to recover damages for a personal injury, where the defendant fails to appear at the trial, the court has no power to order a reference; the issues should be tried by the court either with or without a jury.

APPEAL from an order of this court, denying a motion to vacate a judgment for irregularity, and granting it on other grounds, and upon terms.

The action was brought to recover damages for a personal injury. The defendant having made default upon the trial, a reference was ordered to assess the plaintiff's damages. The referee having reported and a judgment having been entered thereon, a motion was made to set aside said judgment for irregularity, and among the grounds specified was: "That an order of reference to assess damages in an action for a personal injury was illegal and improper."

This motion was denied as to the ground of irregularity, and was granted upon other grounds, as a matter of favor and upon terms. From the order entered upon the motion the defendant appealed.

*W. H. Townley*, for appellant.

*Spencer L. Hillier*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—I do not suppose that it needs any reference to the Code to establish the proposition that this is an action triable by a jury.

Section 1008 of the Code provides as follows : " In an action triable by a jury, if the parties waive the trial by a jury, of the issue of fact, the action must be tried by the court without a jury : unless a reference is directed in a case prescribed by law."

Section 1009 provides : " A party may waive his right to the trial of the issue of fact by a jury, in any of the following modes : 1. By failing to appear at the trial."

In the case at bar, it being an action triable by a jury, the defendant waived his right to a trial by jury by failing to appear at the time, and the issues must be tried by the court without a jury, unless a reference is ordered in a case prescribed by law.

The cases prescribed by law in which references can be ordered in actions triable by a jury are found in section 1013, which provides as follows : " The court may of its own motion or upon the application of either party without the consent of the other direct the trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law."

As the case at bar does not fall within this provision, it follows that the court had no power to order a reference, but should have tried the issues either with or without a jury.

The motion to vacate the judgment upon the ground of irregularity should have been granted.

The default taken at the trial term still remains, and the plaintiff may produce his proof before the court at any time.

The objection that no notice of trial was filed, is met by the affidavit of counsel that it was filed with proof of service.

Order reversed, and motion granted to vacate judgment, with costs.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Order reversed, and judgment vacated, with costs.